# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | |
| v. | ) | |
| | ) | |
| William David Ward, II, and | ) | |
| and Advanced Underground | ) | |
| Construction, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## Complaint

Plaintiff the United States brings this complaint against Defendants William David Ward, II, and Advanced Underground Construction, LLC ("Advanced"), seeking (a) to reduce to judgment certain unpaid federal tax assessments against Defendant Advanced, and (b) entry of a permanent injunction requiring the Defendants to comply with the employment tax laws by timely depositing employment taxes, withholding tax liabilities, timely filing income and employment tax returns with the IRS; prohibiting the Defendants from paying other creditors or transferring funds to any third party before paying federal employment tax liabilities; and requiring the Defendants to file monthly reports with the IRS attesting that all tax deposits have been made.

## Jurisdiction and Parties

1.  Under 26 U.S.C. ("I.R.C.") §§ 7401 and 7402, this action has been authorized by the Internal Revenue Service and is brought at the direction of the Attorney General of

the United States.

2.   The Court has jurisdiction over this case under 28 U.S.C. §§ 1340 and 1345 and I.R.C. §§ 7402(a).

3.   Venue is proper in the Southern District of Iowa under 28 U.S.C. §§ 1391(b) and 1396.

4.   Advanced Underground Construction, LLC is an Iowa limited liability corporation with its principal place of business at 3050 SE Enterprise Drive, Suite C, Grimes, Iowa 5011, within this judicial district. Advanced installs underground cables and performs general construction jobs in the Des Moines, Iowa region. Advanced employs several individuals; in its Form 941 quarterly tax return for the second quarter of 2010, it reported seven employees as working for the company.

5.   William David Ward, II is an individual residing in West Des Moines, Iowa. Ward created, owns, and operates Advanced, and is the LLC's sole member.

**Defendants' Responsibility for Employment Taxes**

6.   As an employer, Advanced is required by law to withhold from its employees' wages federal income and Federal Insurance Contributions Act ("FICA") taxes, and to pay over to the IRS those withholdings, along with the employer's own FICA taxes (collectively, "employment taxes"). However, Advanced has had problems meeting such obligations since 2003 - with the result that it has been accruing large employment tax liabilities on a quarterly basis for the past several years. In fact, Advanced has been "pyramiding" its employment

taxes, or withholding those taxes from its employees while intentionally failing to pay them to the IRS.

7. Based upon Forms 941 filed by the Defendants, a delegate of the Secretary of the Treasury timely made assessments against Advanced and Ward, as Advanced's principal, for unpaid employment taxes and statutory additions to tax, calculated through July 31, 2011, as follows:

| Period | Unpaid Assessed Balance | Accrued Penalties and Interest as of July 31, 2011 | Total Owed as of July 31, 2011 |
|---|---|---|---|
| 3rd Quarter 2004 | $0.00 | $6,191.26 | $6,191.26 |
| 3rd Quarter 2005 | $89,248.12 | $24,119.95 | $113,368.07 |
| 4th Quarter 2005 | $57,625.64 | $14,674.54 | $72,300.18 |
| 2nd Quarter 2006 | $37,444.01 | $9,557.49 | $47,001.50 |
| 3rd Quarter 2006 | $39,939.22 | $8,958.17 | $48,897.39 |
| 1st Quarter 2010 | $12,326.66 | $1,101.87 | $13,428.53 |
| 2nd Quarter 2010 | $19,939.01 | $2,430.47 | $22,369.48 |
| 3rd Quarter 2010 | $22,664.95 | $1,453.12 | $23,131.33 |
| 4th Quarter 2010 | $25,859.93 | $1,126.49 | $26,986.42 |

**TOTAL:   $373,674.16**

8. The IRS has attempted to collect the total unpaid balance using administrative collection actions, including filing notices of federal tax liens and issuing levies to all known sources, but has been unable to collect the amount owing.

9. For example, in 2007 Ward voluntarily entered into an installment agreement

with the IRS through which he was to repay Advanced's outstanding employment tax liability for certain quarters in 2004 through the third quarter of 2006, but then fully defaulted on the agreement as of January of 2009 after failing both to make agreed upon payments for past quarters as well as to satisfy his ongoing employment tax liabilities for quarters not included in the installment agreement.

10. Accordingly, the IRS is unable to bring Advanced into compliance with its employment tax obligations by administrative collection actions.

11. Based on its past failure to pay employment tax when due, refusal to do so even when notified by the IRS of its employment tax obligations, and refusal to abide by agreements with the IRS to settle outstanding employment tax liabilities, Advanced's failure to timely pay employment taxes due is likely to recur.

### Count I: Reduce Assessments to Judgment (as against Advanced)

12. The United States incorporates by reference the allegations contained in Paragraphs 1 through 11.

13. Defendant Advanced was responsible for collecting, accounting for, and paying over to the United States the federal employment taxes withheld from the wages of Advanced's employees for (a) the third quarter of 2004, (b) the third and fourth quarters of 2005, (c) the second and third quarters of 2006, and (d) all quarters of 2010, but has failed to do so.

14. Between February 6, 2006 and March 28, 2011, on nine separate occasions the

United States, by a duly authorized delegate of the Secretary of the Treasury, made assessments against Advanced for its failing to collect, truthfully account for and pay over to the United States the withheld income and FICA taxes for Advanced's employees for the nine quarters at issue identified in Paragraph 7 above. As of July 31, 2011, the total amount of assessed taxes, including penalties and interest calculated through that date, is $373,674.16.

15. A delegate of the Secretary of the Treasury gave to Advanced proper notice of and demand for payment of each of the assessments referenced in Paragraph 14.

16. Interest and statutory additions continue to accrue pursuant to law from the date of assessment.

17. Advanced has neglected, failed, and refused to pay the assessed tax liabilities described in Paragraphs 13 and 14, and therefore remains indebted to the United States for the unpaid balance, together with statutory interest and additions accruing from the dates of assessment.

### Count II: Injunction Under I.R.C. § 7402(a) (as against all Defendants)

18. The United States incorporates by reference the allegations in Paragraphs 1 through 17.

19. Section 7402(a), I.R.C. authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available.

20. Defendants Advanced and Ward substantially interfere with the internal revenue laws by continually failing to pay Advanced's employment tax obligations required by I.R.C. §§ 3102, 3111, 3301, and 3402. The Defendants' past conduct - their failing to meet these tax obligations on a consistent basis, coupled with their knowing breach of agreements with the Government to satisfy those same taxes - demonstrate that such conduct will not cease absent court intervention. An injunction is thus appropriate and necessary to prevent continued violations.

21. The United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes and will suffer irreparable harm as a result.

22. The harm suffered by the United States as a result of continuing pyramiding of employment taxes outweighs the harm suffered by Advanced of being merely obligated to comply with the law by timely paying its employment tax obligations.

23. An injunction in this case would serve the public good. As the efficacy of the federal income tax system relies on employers to collect and remit income and FICA taxes paid by its employees, Advanced's pyramiding of its employment taxes undermines the most vital cog in our system of tax collection. Additionally, by using the tax money for their own business and operating expenses, Advanced exacts an involuntary subsidy on the taxpayers of the United States. An injunction would bring an end to this inefficient waste of taxpayer resources.

24. In the absence of an injunction backed by the Court's contempt powers, Defendants Advanced and Ward are likely to continue to obstruct and interfere with the

enforcement of the internal revenue laws by additional pyramiding of Advanced's employment taxes to the detriment of the United States.

WHEREFORE, the United States of America respectfully prays for the following:

A. Judgment against Defendant Advanced Underground Construction LLC, in the amount of $373,674.16, plus all additional penalties and interest accruing after the dates of assessment until paid;

B. That the Court find that Defendants have engaged and are engaging in conduct interfering with the enforcement of the internal revenue laws, and that injunctive relief under I.R.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop that conduct;

C. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction prohibiting the Defendants and their representatives, agents, servants, employees, and anyone in active concert or participation with them, from failing to withhold and pay over to the IRS all employment taxes, including federal income, FICA, and unemployment taxes, required by law;

D. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring the Defendants, for a period of five years, to deposit withheld FICA taxes, as well as Advanced's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

E. That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring those individuals at Advanced responsible for carrying out the duties established under

Paragraph (D) to sign and deliver affidavits to the revenue officer, or such other location as the IRS may deem appropriate, on the 1st day of each month, stating that the requisite withheld income and FICA tax deposits were timely made;

    F.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring the Defendants to timely file all employment tax returns with the IRS, or at such other location as the IRS may deem appropriate;

    G.  That this Court, pursuant to I.R.C. § 7402, enter a permanent injunction requiring the Defendants to be prohibited from assigning any property or making any disbursements after the date of this injunction, whether to Advanced's creditors or other third parties, until amounts required to be withheld from wages after the date of this injunction are, in fact, paid to the IRS;

    H.  That this Court require the Defendants to deliver to all of its current employees, and any former employees employed at any time since January 1, 2004 a copy of the Court's findings and permanent injunction;

    I.  That the Court retain jurisdiction over this case to ensure compliance with this injunction; and

    J.  That this Court grant the United States such other relief, including costs, as is just and equitable.

Dated: August 15, 2011

NICHOLAS A. KLINEFELDT
United States Attorney

/s/ Brian H. Corcoran
BRIAN H. CORCORAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C.  20044
Tel.:  (202) 353-7421
Fax:  (202) 514-6770
brian.h.corcoran@usdoj.gov

Attorneys for the
United States of America